**In re PHILADELPHIA LIFE INSUR-ANCE CO. SALES PRACTICES LITIGATION**

**No. 1404**

Judicial Panel on Multidistrict Litigation.

June 27, 2001.

BEFORE WM. TERRELL HODGES, Chairman, LOUIS C. BECHTLE, JOHN

F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS and D. LOWELL JENSEN, Judges of the Panel.

### TRANSFER ORDER

HODGES, Chairman.

*David H. Siegel v. Conseco Life Insurance Co.*, M.D. Florida, C.A. No. 6:00–1124 *Gerald Jones v. Conseco Inc.*, S.D. Texas, C.A. No. 4:01–587.

This litigation presently consists of two actions, one action each in the Middle District of Florida and the Southern District of Texas. Before the Panel is a joint motion by defendant Conseco Inc. (Conseco) d/b/a Philadelphia Life Insurance Company (Philadelphia Life) and the Texas plaintiff, pursuant to 28 U.S.C. § 1407, to centralize the two actions in the Middle District of Florida for coordinated or consolidated pretrial proceedings.[1] The Florida plaintiff opposes transfer of the Texas action to the Middle District of Florida for Section 1407 proceedings on the ground that the Texas court has stayed the Texas action pending the outcome of class certification proceedings in the Florida action.

On the basis of the papers filed and the oral argument held, the Panel finds that the actions in this litigation involve common questions of fact arising out of allegations that deceptive insurance sales practices, including the use of policy illustrations and other sales techniques showing that the premiums would "vanish" after a certain number of years, fraudulently misled plaintiffs to purchase Philadelphia Life insurance policies. Centralization under Section 1407 in the Middle District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being desirable in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Middle District of Florida is the appropriate transferee district for this litigation. We note that i) pretrial proceedings in this litigation are underway in the Florida action pending before Judge Patricia C. Fawsett, and ii) the Texas plaintiff—a putative member of the proposed Florida plaintiff class—now agrees that inclusion of his action in Section 1407 proceedings there is appropriate.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the Southern District of Texas action is hereby transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable Patricia C. Fawsett for coordinated or consolidated pretrial proceedings with the action pending there.

---

1. Prior to a May 4, 2001 order by the Texas court denying the Texas plaintiff's motion to dismiss, Conseco and plaintiffs in both actions had agreed that the Panel should await the Texas court's decision on the motion to dismiss before considering Conseco's Section 1407 motion in this docket. Subsequently, Conseco and the Texas plaintiff filed the joint motion now before the Panel. The present motion supercedes Conseco's original Section 1407 motion which sought centralization of these two actions in either the Middle District of Florida or, alternatively, the Southern District of Indiana.